No. 14-15977
_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

FIDEL H. PAJARILLO,

Plaintiff-Appellant,

*vs.*

SFR INVESTMENTS POOL 1, LLC; NEVADA ASSOCIATION SERVICES,
INC.; RANCHO LAS BRISAS MASTER HOA; MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.; BANK OF AMERICA, N.A.; BAC HOME
LOAN SERVICING LP; RECONTRUST COMPANY, N.A.; US BANK, NA; J.P.
MORGAN CHASE BANK, N.A.; and CALIFORNIA RECONVEYANCE
COMPANY

Defendants-Appellees.
_____

On Appeal From the United States District Court
For the District of Nevada
D.C. No. 2:13-cv-01935-RCJ
_____

**APPELLEES' ANSWERING BRIEF**
_____

Christopher Jorgensen
Dale Kotchka-Alanes
Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

*Attorneys for Appellees*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

ReconTrust Company, N.A. ("ReconTrust") is a wholly-owned subsidiary of Bank of America, N.A., which is an indirect wholly-owned subsidiary of Bank of America Corporation.

BAC Home Loan Servicing LP ("BAC") is a wholly-owned subsidiary of Bank of America, N.A., which is an indirect wholly-owned subsidiary of Bank of America Corporation.

Mortgage Electronic Registration Systems, Inc. ("MERS") is a wholly-owned subsidiary of MERSCORP Holdings, Inc. Federal Home Loan Mortgage Corporation and Federal National Mortgage Association own 10% or more of MERSCORP Holdings, Inc. Neither Freddie Mac nor Fannie Mae has parent corporations, and no publicly held corporation owns 10% or more of either company's stock.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................... ii

JURISDICTIONAL STATEMENT .....................................................1

STATEMENT OF ISSUES PRESENTED............................................1

STATEMENT OF THE CASE............................................................2

STATEMENT OF THE FACTS .........................................................3

     1.    The Bank of America Entities Have No Interest in the Property .........3

     2.    Plaintiff Refuses to Dismiss the Wrongly Named Parties ...................3

     3.    The Adversary Action Is Dismissed and Plaintiff Appeals .................4

     4.    Plaintiff Fails to File His Opening Brief or Otherwise Comply with the Rules for Processing His Appeal.............................................5

     5.    The District Court Grants Defendants' Motion to Dismiss the Appeal of the Bankruptcy Court Order................................................6

     6.    The Court Denies Plaintiff's Motion for Reconsideration...................7

     7.    Plaintiff Appeals to the Ninth Circuit ................................................7

STANDARD OF REVIEW ................................................................8

SUMMARY OF THE ARGUMENTS ..................................................8

ARGUMENT ..................................................................................10

I.     The Bankruptcy Court Properly Dismissed the Wrongfully Named Defendants ...................................................................................10

II.    The District Court Correctly Dismissed Plaintiff's Bankruptcy Appeal for Failure to Prosecute..................................................................11

III.   The District Court Did Not Abuse Its Discretion in Denying a Motion for Reconsideration Based on a New Issue Never Raised Below.................14

CONCLUSION ...............................................................................16

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Benson v. JPMorgan Chase Bank, N.A.*,
673 F.3d 1207 (9th Cir. 2012) ................................................................8

*Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*,
159 F.3d 412 (9th Cir. 1998) ................................................................8

*Hermanson v. Lockheed Martin Corp.*,
84 F. App'x 896 (9th Cir. 2003) ..........................................................15

*In re Eisen*,
31 F.3d 1447 (9th Cir. 1994) ........................................................ 13, 15

*In re Fowler*,
394 F.3d 1208 (9th Cir. 2005) .........................................................8, 14

*In re Innovative Commc'n Corp.*,
No. ADV. 3:08-03004, 2013 WL 5432316 (D.V.I. Sept. 27, 2013) ....................13

*In re Minh Vu Hoang*,
484 B.R. 87 (D. Md. 2012) ..................................................................15

*In re Zegeye*,
No. CIV.A. DKC 2004-1387, 2005 WL 544763 (D. Md. Mar. 4, 2005) ............15

*Marcantel v. Unit Petroleum Co.*,
No. CIV.A.07-381, 2007 WL 1537025 (W.D. La. May 24, 2007) ......................10

*Muniz v. United Parcel Serv., Inc.*,
738 F.3d 214 (9th Cir. 2013) ................................................................8

*Worrell v. GreatSchools, Inc.*,
No. CIV.A. H-07-1100, 2007 WL 4223234 (S.D. Tex. Nov. 28, 2007) ............11

*Worrell v. Houston CanA Acad.*,
287 F. App'x 320 (5th Cir. 2008) ........................................................11

## Rules

Circuit Rule 31-2.3 ..............................................................................12

Circuit Rule 42-1 ................................................................................12

Fed. R. App. P. 31 ................................................................................12

Fed. R. Bankr. P. 8003 ........................................................................12

Fed. R. Bankr. P. 8009(a)(1)(A) .......................................................5, 6

Fed. R. Bankr. P. 8009(a)(1)(B) ...........................................................5

Fed. R. Bankr. P. 8022(a)(2) ...............................................................14

LR 8018 ...............................................................................................11

LR 8070(a) ...........................................................................................12

## <u>JURISDICTIONAL STATEMENT</u>

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 (final decision or order). The district court issued an order dismissing appellant's case on June 16, 2014. (Appellees' Excerpts of Record ("EOR") 20). Plaintiff filed an Amended Notice of Appeal on June 20, 2014. (EOR 23).[1]

## <u>STATEMENT OF ISSUES PRESENTED</u>

The predominate issues in this case are:

A) Whether the bankruptcy court, ruling in the adversary action, properly dismissed Bank of America, BAC, and ReconTrust when none of those entities have any involvement or claim concerning the subject property, and have never asserted any interest in or right to the subject property;

B) Whether the district court properly dismissed the appeal of the adversary action after plaintiff failed to file an opening appellate brief and after plaintiff failed to oppose defendant's motion to dismiss the appeal; and

C) Whether it was an abuse of discretion for the district court to deny a motion for reconsideration when the arguments were not previously raised below, and when plaintiff failed to present any explanation for his failure to file an

---

[1] Appellant's first Notice of Appeal was filed on May 16, 2014. (EOR 17). This Court issued an Order on May 20, 2014 with the determination that the Notice of Appeal was ineffective because it was filed during the pendency of a timely filed motion. (EOR 18).

1

opening brief or an opposition to a motion to dismiss the adversary action appeal.

## STATEMENT OF THE CASE

This appeal arises out of a district court order granting several defendants' motion to dismiss the appeal of plaintiff's adversary action. Moving defendants were dismissed from the underlying adversary action by the bankruptcy court because they were improperly named as parties to the lawsuit. (Adv. Case No. 13-01053, Dkt. 38).[2] A separate bankruptcy court order dismissed the remaining defendants in the adversary action on different grounds. (Adv. Case No. 13-01053, Dkt. 52). Plaintiff filed an appeal of the dismissal of the adversary action. (Adv. Case No. 13-01053, Dkt. 55).

However, Plaintiff failed to file an opening brief in the appeal of the adversary action (heard by the district court). Plaintiff also failed to file an opposition to a subsequent motion to dismiss the appeal filed by moving defendants. The district court entered an order dismissing the appeal of the adversary action due to plaintiff's failure to prosecute. (EOR 12). The district

---

[2] A full understanding of the procedural posture of this case requires citation to a variety of proceedings. Because these proceedings are not technically part of the record on appeal, *see* Fed. R. App. P. 10 and Circuit Rule 10-2, defendants-appellees do not include them in their supplemental excerpts of record. *See* Circuit Rule 30-1.7. However, defendants-appellees would be more than happy to provide copies of the docket entries they cite in other proceedings should the Court so desire.

court subsequently denied plaintiff's motion for rehearing under Federal

Bankruptcy Rule 8022 (formerly Rule 8015).  (EOR 20).  Plaintiff appealed to the

Ninth Circuit Court of Appeals.  (EOR 23)

### STATEMENT OF THE FACTS

Plaintiff filed an Adversary Complaint for Declaratory Judgment and

Injunctive Relief on March 28, 2013.  (*See* Adv. Case No. 13-01053, Dkt. 1).  The

purpose of the Adversary Complaint was to quiet title concerning real property

located at 4856 La Cumbre Drive, Las Vegas, NV 89147, APN# 163-21-818-047.

(*See id.*)

**1.    The Bank of America Entities Have No Interest in the Property**

After receiving the Adversary Complaint, the Bank of America affiliated

defendants searched their records and could not find any indication that plaintiff

had ever had a loan from Bank of America, or its affiliates, concerning the La

Cumbre property.  There was no record of any involvement, activity or interest in

this property.  Accordingly, the Bank of America defendants filed a motion to

dismiss, which included a specific disclaimer of any right or interest in the

property located at 4856 La Cumbre Drive, Las Vegas, Nevada.  (Adv. Case No.

13-01053, Dkt. 17).

**2.    Plaintiff Refuses to Dismiss the Wrongly Named Parties**

Defendants contacted plaintiff verbally and also in writing on May 22, 2013,

informing plaintiff of his mistake in naming them as defendants.  (Exs. 1 and 2 of

3

Adv. Case No. 13-01053, Dkt. 17). It is likely that plaintiff simply cut and pasted the Bank of America name from the pleadings he used in his several other home mortgage lawsuits involving different properties.[3] Unfortunately, Plaintiff would not voluntarily dismiss moving defendants. Accordingly, the Bank of America defendants filed a motion to dismiss the adversary action. (Adv. Case No. 13-01053, Dkt. 17). The bankruptcy court granted the motion to dismiss on July 26, 2013. (Adv. Case No. 13-01053, Dkt. 38).

### 3.     The Adversary Action Is Dismissed and Plaintiff Appeals

The remaining defendants in the adversary action were dismissed on September 9, 2013. (Adv. Case No. 13-01053, Dkt. 52). On September 18, plaintiff filed a notice of appeal arising out of the September 9, 2013 Order. (Adv. Case No. 13-01053, Dkt. 55). The Bankruptcy Appellate Panel issued a Briefing Order and Notice on September 24, 2013. (BAP Case No. NV-13-1452, Dkt. 3). Plaintiff's opening appellate brief was due on November 8, 2013. (*Id.*)

On October 9, 2013, plaintiff filed an amended notice of appeal and election to have his appeal heard by the district court. (BAP Case No. NV-13-1452, Dkt. 5). Upon respondents filing an election to have the appeal heard by the district court (BAP Case No. NV-13-1452, Dkt. 8), the Bankruptcy Appellate Panel

---

[3] See *Pajarillo v. Countrywide Home Loans, Inc.*, 09-cv-0078-LDG-GWF (District Court); 13-cv-000674-GMN-CWH (District Court); 11-28697-bam (Bankruptcy Court); BAP NV-13-1135 (BAP); 10-17273 (9th Cir. Court of Appeals).

transferred the appeal to the district court for further appellate proceedings on

October 18, 2013.  (BAP Case No. NV-13-1452, Dkt. 9).

### 4. Plaintiff Fails to File His Opening Brief or Otherwise Comply with the Rules for Processing His Appeal

Instead of filing his opening brief on November 8, 2013, plaintiff incorrectly

filed a motion for extension of time in his underlying Chapter 7 Bankruptcy matter,

out of which the adversary action arose.  (Bankr. Case No. 13-12137-btb, Dkt. 69).

He filed a second motion for extension of time on December 27, 2013.  (Bankr.

Case No. 13-12137-btb, Dkt. 72).  However, no opening brief was ever filed in that

case or in the correct proceeding.

Moreover, plaintiff failed to comply with Federal Rule of Bankruptcy

Procedure 8009, requiring plaintiff, as the appellant, to "file with the bankruptcy

clerk and serve on the appellee a designation of the items to be included in the

record on appeal and a statement of the issues to be presented."  Fed. R. Bankr. P.

8009(a)(1)(A).  This designation and statement is required to be filed "within 14

days after . . . the appellant's notice of appeal . . . becomes effective."  Fed. R.

Bankr. P. 8009(a)(1)(B).  Plaintiff filed an amended notice of appeal on October 9,

2013,[4] and then was reminded by the district court on October 23, 2013, "that the

designation of reporters and recorders transcripts (if any) as required by LR

8006(b), shall be filed with the clerk of bankruptcy court so the certificate of

---

[4] (BAP Case No. NV-13-1452, Dkt. 5).

record on appeal may be transmitted timely to the district court." (EOR 1).

However, despite these obligations and the district court's reminder, plaintiff did

not file a "designation of record" until April 7, 2014 – months after his notice of

appeal became effective. (*See* Adv. Case No. 13-01053, Dkt. 71.)[5] Even then,

plaintiff did not include "a statement of the issues to be presented." Fed. R. Bankr.

P. 8009(a)(1)(A).

Quite simply, plaintiff failed to file a statement of the issues to be presented

and failed to file an opening brief or otherwise prosecute his appeal.

### 5.    The District Court Grants Defendants' Motion to Dismiss the Appeal of the Bankruptcy Court Order

On January 29, 2014, the Bank of America defendants filed a motion to

dismiss the appeal of the bankruptcy court order, based on failure to prosecute.

(EOR 3). Plaintiff never filed an opposition. The district court granted the motion

on April 17, 2014. (EOR 12).

Despite failing to file either an opening brief or an opposition to the motion

to dismiss, plaintiff filed an "Objection to Manifest Errors" on April 28, 2014,

which the district court deemed to be a motion to rehearing under Bankruptcy Rule

8022 (formerly 8015). (EOR 14; 20.) In his motion, plaintiff asserted a new,

never before raised, substantive argument alleging that the final dismissal of the

---

[5] (*See also* EOR 7 (plaintiff's "motion and declaration to extend times" filed April 7, 2014)).

original adversary action was invalid because his complaint was "non-core" within the meaning of 28 U. S. C. § 157. Plaintiff did not address the issue of failure to prosecute (or the issue of having named the incorrect parties). (EOR 14-16.)

### 6. The Court Denies Plaintiff's Motion for Reconsideration

The district court denied plaintiff's motion for rehearing because plaintiff did not address the actual reason for dismissal of the appeal, which was failure to prosecute the appeal, not a review of the merits of the underlying dismissal. (*See* EOR 20.) The district court acknowledged the new argument regarding core and non-core issues and stated, "Plaintiff is clearly correct that a quiet title action is non-core . . . **[b]ut the appeal . . . was dismissed for failure to prosecute, and Plaintiff makes no argument why the appeal should not have been dismissed for failure to prosecute**." (*Id.*, EOR 21) (emphasis added).

### 7. Plaintiff Appeals to the Ninth Circuit

After receiving the order denying his motion to reconsider, plaintiff filed an amended notice of appeal on June 20, 2014. (EOR 23). However, through a series of missed deadlines and motions for extension of time, plaintiff did not file his opening appeal brief until August 26, 2015. Plaintiff's opening brief again ignores his lack of prosecution giving rise to the dismissal of his bankruptcy appeal and instead devotes the entirety of his brief to the "core" and "non-core" argument, which played no role in the district court order that plaintiff is attempting to appeal.

## STANDARD OF REVIEW

This Court reviews a district court's denial of a motion for rehearing for abuse of discretion. *In re Fowler*, 394 F.3d 1208, 1214 (9th Cir. 2005); *see also Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012) (denial of motions for reconsideration reviewed for abuse of discretion). The court reviews the underlying law de novo to determine whether the district court abused its discretion by relying on an inaccurate view of the law. *Benson*, 673 F.3d at 1211.

This Court "may affirm on any basis supported by the record, whether or not relied upon by the district court." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013). Accordingly, "[i]f the decision below is correct, it must be affirmed, even if the district court relied on the wrong grounds or wrong reasoning." *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998) (internal quotation marks and citations omitted).

## SUMMARY OF THE ARGUMENTS

***Plaintiff sued the wrong parties.*** The bankruptcy court correctly dismissed the moving defendants. The Bank of America defendants have no connection to the subject property, no history with the subject property, and are not claiming any interest or rights concerning the subject property.

6651016_2

***Plaintiff failed to meet both the court's filing deadline and plaintiff's own self-imposed deadlines, and ultimately failed to file anything.*** The Bankruptcy Appellate Panel's briefing order required an opening brief by November 8, 2013. Plaintiff requested an extension – in the wrong proceeding – through December 7, 2013. He then requested a second extension through January 8, 2014. The district court waited through April of 2014, but no brief was ever filed (in any proceeding). Plaintiff also failed to oppose the motion to dismiss the appeal.

***Plaintiff's argument concerning a "non-core" designation of the case was never properly raised below.*** The district court did not abuse its discretion when it denied plaintiff's motion for reconsideration. Plaintiff failed to raise the "core/non-core" arguments or otherwise challenge the bankruptcy court order prior to the motion for reconsideration.

***Plaintiff offered no justification for his failure to prosecute his appeal of the bankruptcy order.*** Plaintiff never offered any explanation for his failure to file an opening brief or oppose the motion to dismiss his appeal of the original bankruptcy order. The district court's dismissal order was based on plaintiff's failure to prosecute. Thus, there was no basis for reconsideration under Bankruptcy Rule 8022 (formerly Rule 8015).

## ARGUMENT

### I. THE BANKRUPTCY COURT PROPERLY DISMISSED THE WRONGFULLY NAMED DEFENDANTS

Plaintiff's original adversary complaint concerned the property located at 4856 La Cumbre Drive, Las Vegas, Nevada. (Adv. Case No. 13-01053, Dkt. 1). The Bank of America defendants searched their records and found no record of any involvement with that property. Plaintiff never had a loan from Bank of America concerning the La Cumbre property. The defendants have no interest or claim to the property and have specifically disclaimed and rejected having any interest in the property. (*See* Adv. Case No. 13-01053, Dkt. 17 at 2.) The defendants are not pursuing this property and have never pursued the property.

Plaintiff was informed that he named the wrong properties, yet refused to dismiss them as parties to the lawsuit. Plaintiff never provided any argument, evidence or discovery which would suggest that the Bank of America defendants have any connection to the property. These defendants have now suffered through years of plaintiff's endless delays and missed deadlines. The bankruptcy court correctly identified that the Bank of America defendants had been improperly named and that their dismissal was therefore warranted. *See, e.g.*, *Marcantel v. Unit Petroleum Co.*, No. CIV.A.07-381, 2007 WL 1537025, at *3 (W.D. La. May 24, 2007) (finding it "clear" that company "was erroneously and improperly named as a defendant in this matter and that the entirety of plaintiffs' claims against it

10

should and will be dismissed," noting that "the Court is at a loss as to why plaintiffs' counsel of record . . . did not voluntarily dismiss his clients' claims against a wrongfully named defendant, but instead required the Court to dismiss that defendant by way of summary judgment"); *see also, e.g.*, *Worrell v. GreatSchools, Inc.*, No. CIV.A. H-07-1100, 2007 WL 4223234, at *1 (S.D. Tex. Nov. 28, 2007) (imposing Rule 11 sanctions for wrongfully naming party as a defendant "without having made a reasonable pre-filing investigation of the facts, and thereafter having failed and refused to dismiss [party] as a Defendant after having been fully informed of the facts and well knowing that [defendant] should not be a party to this suit"), *aff'd sub nom. Worrell v. Houston CanA Acad.*, 287 F. App'x 320 (5th Cir. 2008).

## II. THE DISTRICT COURT CORRECTLY DISMISSED PLAINTIFF'S BANKRUPTCY APPEAL FOR FAILURE TO PROSECUTE

Plaintiff never filed an opening brief in the bankruptcy appeal heard by the district court. Plaintiff never filed a response to defendants' motion to dismiss the appeal for lack of prosecution. Plaintiff failed to prosecute his case.

The District of Nevada's Local Bankruptcy Rules expressly provide that the district court, acting as the appellate court in a bankruptcy appeal,[6] "may dismiss the appeal" when "an appellant fails to timely file a designation of the reporter's

---

[6] *See* LR 8018 ("Practice in bankruptcy appeals that may come before the district court will be governed by Part VIII of the Federal Rules of Bankruptcy Procedure, except as provided in LR 8070 or in Rules that the district court adopts.").

transcript, designation of record, statement of issues and/or brief; file the excerpts of record; or otherwise comply with Rules and orders governing the processing of bankruptcy appeals." LR 8070(a); *see also* Fed. R. Bankr. P. 8003 ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, *including dismissing the appeal*.") (emphasis added).[7]

Here, Plaintiff failed to "timely file a designation of the reporter's transcript, designation of record, statement of issues . . . or otherwise comply with Rules and orders governing the processing of bankruptcy appeals." LR 8070(a). Plaintiff's designation of record was filed months late – despite being reminded by the district court that plaintiff needed to file the same. (*See supra* Statement of the Facts ¶ 4.)

---

[7] These Rules are akin to Federal Rule of Appellate Procedure 31 and Circuit Rules 31-2.3 and 42-1 providing for the dismissal of appeals for lack of timely prosecution. *See* Fed. R. App. P. 31 ("If an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal."); Circuit Rule 31-2.3 ("If the appellant fails to file a brief within the time allowed by FRAP 31(a) or an extension thereof, the court may dismiss the appeal pursuant to Circuit Rule 42-1."); Circuit Rule 42-1 ("When an appellant fails to file a timely record, pay the docket fee, file a timely brief, or otherwise comply with rules requiring processing the appeal for hearing, an order may be entered by the clerk dismissing the appeal. In all instances of failure to prosecute an appeal to hearing as required, the Court may take such other action as it deems appropriate, including imposition of disciplinary and monetary sanctions on those responsible for prosecution of the appeal.").

Moreover, despite being a litigious litigant who should be familiar with procedural rules, plaintiff ***never*** filed a statement of the issues or an opening appellate brief.  (*See supra* Statement of the Facts ¶¶ 2, 4.)  Nor did plaintiff oppose defendants' motion to dismiss for failure to prosecute or ever explain why he failed to file an opening brief.  (*See supra* Statement of the Facts ¶¶ 5-6.)

In such circumstances, the district court undoubtedly properly exercised its discretion to dismiss plaintiff's bankruptcy appeal for lack of prosecution.  LR 8070(a); *see also In re Eisen*, 31 F.3d 1447, 1452, 1456 (9th Cir. 1994) (affirming bankruptcy court's grant of motion to dismiss for failure to prosecute where, *inter alia*, the "case involved a noticed motion to dismiss, rather than a *sua sponte* dismissal" and plaintiff failed "to provide an adequate excuse for delay"); *In re Innovative Commc'n Corp.*, No. ADV. 3:08-03004, 2013 WL 5432316, at *1-2, 10, 17 (D.V.I. Sept. 27, 2013) (dismissing bankruptcy appeal for failure to prosecute where appellants repeatedly violated the deadlines to file their opening brief, even where court determined that bankruptcy court may have lacked authority to enter final judgment in underlying fraudulent conveyance action).

Here, plaintiff's repeated failure to timely prosecute his appeal is more than ample grounds for dismissal of his bankruptcy appeal.

**III.**   **THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING A MOTION FOR RECONSIDERATION BASED ON A NEW ISSUE NEVER RAISED BELOW**

Plaintiff failed to raise his "core/non-core" argument to the bankruptcy court.  He also failed to raise that argument to the district court in an opening appellate brief or in opposition to the motion to dismiss the appeal.  In fact, plaintiff did not raise his "core/non-core" issues at any point prior to the motion for reconsideration.  (*See supra* Statement of the Facts ¶¶ 5-6.)  Plaintiff also offered no valid excuse or explanation for why he had failed to file his opening brief or oppose the motion to dismiss.  (*Id.*)

Federal Rule of Bankruptcy Procedure 8022 (formerly 8015) requires that a motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended, and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2).  The denial of a motion for rehearing under the bankruptcy rules is reviewed for an abuse of discretion.  *In re Fowler*, 394 F.3d 1208, 1214 (9th Cir. 2005).

Here, plaintiff pointed to no "point of law or fact that" the district court allegedly "overlooked or misapprehended."  *See* Fed. R. Bankr. P. 8022(a)(2).  Instead, plaintiff raised an entirely new argument that had never been presented to either the district court or the bankruptcy court.  A motion for rehearing is not the place to put forth an entirely new argument, and the district court properly denied

14

plaintiff's motion for doing just that. *See, e.g.*, *In re Minh Vu Hoang*, 484 B.R. 87, 97 (D. Md. 2012) (denying motion for rehearing where "the argument Appellant now seeks to raise was not presented on appeal or in the bankruptcy court"); *In re Zegeye*, No. CIV.A. DKC 2004-1387, 2005 WL 544763, at *2 (D. Md. Mar. 4, 2005) ("A petition for rehearing is not a means . . . to assert new grounds for relief"); *see also Hermanson v. Lockheed Martin Corp.*, 84 F. App'x 896 (9th Cir. 2003) ("The district court did not abuse its discretion by failing to consider arguments that were never put to it.").

In fact, the district court actually agreed with Plaintiff on the core/non-core issue, but pointed out that "the appeal . . . was dismissed for failure to prosecute, and Plaintiff makes no argument why the appeal should not have been dismissed for failure to prosecute." (*See* EOR 21).

In the absence of any explanation why plaintiff failed to file an opening brief or oppose defendants' motion to dismiss, the district court did not abuse its discretion in affirming dismissal of plaintiff's bankruptcy appeal for failure to prosecute. *See In re Eisen*, 31 F.3d 1447, 1452, 1456 (9th Cir. 1994) (affirming bankruptcy court's grant of motion to dismiss for failure to prosecute where, as found by the court below, appellant "'made no effort to provide a reasonable explanation for [the] delay; therefore, the delay is completely unexcused'").

## CONCLUSION

The district court properly dismissed plaintiff's bankruptcy appeal. Plaintiff failed to file an opening brief or otherwise prosecute the case. Plaintiff has entangled the Bank of America defendants in this matter since 2013, even though these defendants have no connection to the subject property and are claiming no interest or rights in the property. Plaintiff filed a frivolous lawsuit, failed to name the correct parties, and has now dragged this matter out for years through endless extensions of time and missed deadlines. Defendants ask this Court to end this case.

DATED this 15th day of September, 2015.

LEWIS ROCA ROTHGERBER LLP


By: */s/ Christopher Jorgensen*_____
      CHRISTOPHER JORGENSEN
      DALE KOTCHKA-ALANES
      3993 Howard Hughes Pkwy., Suite 600
      Las Vegas, Nevada 89169
      (702) 949-8200
      *Attorneys for Appellees*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 15, 2015, I electronically filed the foregoing Answering Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document by First Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery to the following non-CM/ECF participant:

> Fidel Pajarillo
> 6706 Zephyr Wind Avenue
> Las Vegas, NV 89139

By: *_/s/ Jessie M. Helm_____*
an employee of LEWIS ROCA ROTHGERBER LLP

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing appellate brief complies with the type-volume limitations as set forth in Rule 32 of the Federal Rules of Appellate Procedure.  The brief has been prepared using Times New Roman, 14 pt. and contains a total of 3,716 words proportionally spaced.

DATED this 15th day of September, 2015.

LEWIS ROCA ROTHGERBER LLP


By: */s/ Christopher Jorgensen*
CHRISTOPHER JORGENSEN
DALE KOTCHKA-ALANES
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
*Attorneys for Appellees*

v

No. 14-15977

_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

FIDEL H. PAJARILLO,

Plaintiff-Appellant,

*vs.*

SFR INVESTMENTS POOL 1, LLC, et al.,

Defendants-Appellees.

_____

On Appeal From the United States District Court
For the District of Nevada
D.C. No. 2:13-cv-01935

_____

**STATEMENT OF RELATED CASES**

_____

Some of the issues in this appeal are the same or closely related (9th Cir.

Rule 28-2.6(c)) to many other appeals in this Court from the District of Nevada

that generally raise the issue of the elements of a wrongful foreclosure claim and

when the claim must be raised. Undersigned counsel, in particular, is also

involved in the following pending appeal that presents these general issues:

*Pajarillo v. Countrywide Home Loans, Inc.*, 09-cv-0078-LDG-GWF (District Court); 13-cv-000674-GMN-CWH (District Court); 11-28697-bam (Bankruptcy Court); BAP NV-13-1135 (BAP); 10-17273 (9th Cir. Court of Appeals).